8

LEONARD K. WELSH CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
4550 California Avenue, Second Floor
Bakersfield, CA 93309
Telephone: (661) 328-5328
Email: lwelsh@lkwelshlaw.com
Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

In re:

B & L EQUIPMENT RENTALS, INC.,

Debtor-in-Possession.

Case No. 15-14685-B-11
Chapter 11
DC No. LKW-1

Initial Hearing Date: December 17, 2015
Initial Hearing Time: 9:30 a.m.
Place: United States Bankruptcy Court
2500 Tulare Street, Fifth Floor
Judge: Honorable Rene Lastreto, II

**MOTION FOR ORDER APPROVING STIPULATION RE: DEBTOR'S
USE OF CASH COLLATERAL AND ADEQUATE PROTECTION**

B & L EQUIPMENT RENTALS, INC. ("Debtor") moves the Court for an Order (a) approving a Stipulation Re: Debtor's Use of Cash Collateral and Adequate Protection ("the Stipulation") between Debtor and the Bank of America ("the Bank") and (b) authorizing Debtor to use "cash collateral" in the form of cash on hand, money on deposit, and accounts receivable ("the Cash Collateral") and grant adequate protection to the Bank on the terms set forth in the Stipulation. A copy the Stipulation is included in the <u>Exhibits to Motion for Order Approving Stipulation Re: Cash Collateral and Adequate Protection</u> on file herein ("the Exhibits") as Exhibit "A". In support of its Motion, Debtor represents:

<u>SUMMARY</u>

1. Debtor filed a Voluntary Petition Under Chapter 11 on November 30, 2015 – Case No. 15-14685-B-11.

2. <u>Secured Party</u>: Bank of America ("the Bank").

3. <u>Amount of the Bank's Secured Claims</u>: $1,950,337.31

1

4. <u>Amount of Cash Collateral</u>:

    a.    Cash on Hand -    $0.00
    b.    Money on Deposit -    $1,465,169.81
    c.    Accounts Receivable -    $1,203,829.37

5. <u>Cash Expected to be Generated from December 1, 2015 through January 31, 2016</u>: $1,800,000.00

6. <u>Cash Collateral Expected to be used from December 1, 2015 through January 31, 2016</u>: $1,774,250.00

7. <u>Proposed Adequate Protection to Bank</u>: Debtor will continue to operate its business, generate income, and give a replacement lien on post-petition assets of the like kind and to the same extent as existed before Debtor filed its Chapter 11 case. Also, Debtor will make adequate protection payments of not less than $50,000.00 per month to the Bank as described in the Stipulation.

## JURISDICTION AND VENUE

8. Debtor is a "Debtor-in-Possession" as that term is defined by the Bankruptcy Code and Debtor is operating its business and managing its affairs as Debtor-in-Possession. A trustee has not been sought or appointed in Debtor's case.

9. The Court has jurisdiction under 28 USC Sections 1334 and 157. This is a "core" proceeding under 28 USC Section 157(b)(2)(A) and (M). These matters have been referred to the Court by the United States District Court for the Eastern District of California under General Orders 182 and 223.

10. Venue is properly in this Court under 28 USC Section 1409(a).

## LEGAL BASIS FOR MOTION

11. Debtor seeks an Order approving the Stipulation and authorizing it to use the Cash Collateral and to grant adequate protection to the Bank under 11 USC Section 363(b) and

(c), Federal Rules of Bankruptcy Procedure 9014, 4001 (b), and 2002(a)(2), and Local Rules of Practice 4001-1(c) and 9014-1(f)(4).

## FACTUAL BASIS FOR MOTION

A. INTRODUCTION

12. Debtor owns and operates an oilfield service business. Debtor was incorporated in July 1990 and Debtor conducts business in four states – California, Texas, Nevada, and Colorado. Debtor's business generated gross income of $30,513,043.00 in 2013, $36,345,567.00 in 2014, and $17,995,569.00 from January 1 through November 30, 2015. Debtor employs 93 people and Debtor expects its business to be profitable during the term of its Chapter 11 case.

13. Lawrence F. Jenkins is Debtor's President and Chief Executive Officer and Tammy Brown is Debtor's Controller and Chief Financial Officer. Debtor's shareholders are:

|    | Name | Percentage of Interest |
|----|------|------------------------|
| a. | Lawrence F. Jenkins | 90 Percent |
| b. | Raymond E. Brown | 5 percent |
| c. | Lawrence B. Jenkins | 5 percent |

Lawrence F. Jenkins has more than 46 years of experience in the petroleum business and Debtor's management is qualified to lead Debtor's business operations and reorganization efforts.

B. DEBTOR'S FINANCIAL CONDITION

14. Debtor incurred debt in the ordinary course of its business before it filed its Chapter 11 case. This debt included secured claims of $3,405,594.89, priority unsecured claims of $0.00, and general unsecured claims of $1,620,740.00. Debtor's secured claims included $1,950,337.31 owed to the Bank as described in the Stipulation. $456,125.92 of the debt owed to the Bank is a Line of Credit secured by a perfected security interest against all of

the Debtor's personal property including Debtor's prepetition cash on hand, money on deposit, and accounts receivable ("the Cash Collateral"). Copies of the UCC Financing Statements filed by or for the Bank are included in the <u>Exhibits</u> as Exhibits "B", "C", and "D". The balance of the debt owed to the Bank represents claims secured by liens against vehicles or specifically identified pieces of equipment used in Debtor's business.

    15.    Debtor's assets had a value of $17,144,907.68 when Debtor filed its Voluntary Petition including cash on hand, money on deposit, and accounts receivable totaling $2,668,999.18.

C.    REASON FOR FILING CHAPTER 11 CASE

    16.    Debtor was sued by a class of employees and former employees ("the Class Claimants") in February 2014 for claims associated with wage and labor law violations. Debtor denied any liability associated with the claims made against it in the lawsuit. However, Debtor determined that it was in its best interest to resolve its dispute with the employees and former employees without trial. Therefore, Debtor and the Class Claimants entered into a Joint Stipulation of Settlement and Release in March 2015 ("the Settlement Agreement"). The Settlement Agreement liquidated the claims against Debtor at $1,500,000.00 and provided for:

    a.    entry of a Judgment against Debtors and

    b.    payment of the $1,500,000.00 to the Class Claimants due on or about November 25, 2015.

    17.    Debtor believed in March 2015 that it would be able to make the payment of $1,500,000.00 to the Class Claimants required by the Settlement Agreement without jeopardizing its business and ability to pay other creditors. However, based on declines in the petroleum industry and a "slow down" in Debtor's business, Debtor determined in October and November 2015 that it could not make the payment of $1,500,000.00 to the Class Claimants

without jeopardizing its business and ability to pay other creditors.

18.     Debtor filed its Chapter 11 case in order to give Debtor a vehicle under which it could reorganize its business and financial affairs and repay all of the debt owed to its creditors over time including the debt owed to the Bank and the Class Claimants.

AMOUNT OF CASH COLLATERAL SOUGHT BY DEBTOR

19.     Debtor intends to file a Plan of Reorganization and operate its business as a part of its Chapter 11 case.  In the interim, Debtor needs to use the Cash Collateral to pay expenses incurred by it in the normal course of its business.  The Bank has agreed to permit Debtor to use the Cash Collateral through January 31, 2016 on the terms described in the Stipulation. Additionally, the Bank has agreed to consider consenting to Debtor using more cash collateral after January 31, 2016.

20.     <u>Initial Use</u>.     The Stipulation provides that Debtor will be authorized to use $1,774,250.00 in cash collateral from December 1, 2015 through January 31, 2015 consistent with a Budget included in the Stipulation ("the Budget").  A copy of the Budget is included in the <u>Exhibits</u> as Exhibit "E".  Debtor's use of the Cash Collateral from December 1, 2015 through January 31, 2016 will permit Debtor to operate its business and continue its reorganization efforts without interruption or delays.

21.     <u>Urgent Need for Cash Collateral</u>.     Debtor will not be able to operate its business or conduct its reorganization efforts without use of the Cash Collateral.  Debtor believes that each item included in the Budget is necessary to the continued operation of its business and the Budget has been reviewed and approved by the Bank.

22.     <u>Further Use of Cash Collateral</u>.     Debtor will seek the Bank's consent to use cash collateral after January 31, 2016 and will seek the Bankruptcy Court's approval of the Bank's consent to its further use of cash collateral if such consent is given.

Debtor will file a Motion for Authority to Use Cash Collateral if the Bank will not consent to Debtor's use of cash collateral after January 31, 2016.

## LOCAL RULE OF PRACTICE 4001-1(c) RECITALS

23. Local Rule of Practice 4001-1(c)(3) requires that a Motion concerning the use of cash collateral or post-petition financing agreements must include recitals and explanations concerning the following provisions of that Rule:

    a. <u>LBR 4001-1(c)(3)(A)</u>: the Stipulation does not contain any "Cross-collateralization clauses" that give the Bank any liens on post-petition assets except for its replacement lien against Debtor's post-petition cash on hand, money on deposits, and accounts receivable. The granting of a replacement lien is necessary to protect the Bank's interest when Debtor is using the Bank's cash collateral in the operation of its business,

    b. <u>LBR 4001-1(c)(3)(B)</u>: Debtor acknowledges and agrees through the Stipulation that: (i) it is liable to the Bank for the amounts described in the Stipulation, (ii) the debt owed to the Bank constitutes an allowed claim under the law, and (iii) the debt owed to the Bank is secured by valid, perfected, and indefeasible liens against its collateral. These provisions in the Stipulation are proper because Debtor does not dispute the amount or validity of the Bank's claims or liens,

    c. <u>LBR 4001-1(c)(3)(C)</u>: the Stipulation does not bind anyone except Debtor and its successors-in-interest, the Chapter 11 estate, and the Bank concerning the priority of the Bank's lien vis-a-vie persons who are not parties to the Stipulation,

    d. <u>LBR 4001-1(c)(3)(D)</u>: the Stipulation contains a "506(c) Waiver". However, the "506(c) Waiver" binds only Debtor and professionals employed by the Chapter 11 estate and a surcharge under 11 USC Section 506(c) should not be necessary in Debtor's case because Debtor's assets have a value far in excess of Debtor's liabilities,

e. <u>LBR 4001-1(c)(3)(E)</u>: the Stipulation does not divest Debtor of any rights available to Debtor under the law,

f. <u>LBR 4001-1(c)(3)(F)</u>: the Stipulation does not release the Bank from any alleged pre-petition torts or breaches of contract,

g. <u>LBR 4001-1(c)(3)(G)</u>: the Stipulation does not waive any avoidance actions under the Bankruptcy Code,

h. <u>LBR 4001-1(c)(3)(H)</u>: the Stipulation does not provide for automatic relief from the automatic stay upon default, conversion to Chapter 7, or the appointment of a trustee,

i. <u>LBR 4001-1(c)(3)(I)</u>: the Stipulation does not waive the procedural requirements for foreclosure mandated by non-bankruptcy law,

j. <u>LBR 4001-1(c)(3)(J)</u>: the Stipulation does not create any liens for relief under the Bankruptcy Code except for the replacement lien against Debtor's postpetition cash on hand, money on deposit, and accounts receivable described in the Stipulation. The granting of a replacement lien in favor of the Bank is necessary and proper in order to protect the Bank's interests in this matter,

k. <u>LBR 4001-1(c)(3)(K)</u>: the Stipulation does not waive Debtor's right to move the Court for an Order authorizing Debtor to use cash collateral if the Bank will not consent to Debtor's further use of cash collateral, and

l. <u>LBR 4001-1(c)(3)(L)</u>: the Stipulation does not contain any findings of fact on "matters extraneous to the approval process" that violate the law or prejudice Debtor or any other party in interest.

PRAYER FOR RELIEF

WHEREFORE, Debtor prays that the Court enter an Order:

1. granting the Motion for Order Approving Stipulation Re: Debtor's Use of Cash

Collateral and Adequate Protection,

    2.    providing that –

        i.    the Stipulation Re: Debtor's Use of Cash Collateral and Adequate Protection ("the Stipulation") is approved and a copy of the Stipulation be attached to the Order as an Exhibit,

        ii.    Debtor is authorized to use the Cash Collateral described in the Stipulation consistent with the terms of the Stipulation, and

        iii.    the Bank of America is granted the adequate protection of its interests set forth in the Stipulation, and

    3.    Granting Debtor such other relief as the Court deems to be just and proper.

Date: December 11, 2015

LAW OFFICES OF LEONARD K. WELSH

By: /s/ Leonard K. Welsh
LEONARD K. WELSH
Attorneys for Debtor-in-Possession